IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATHANIEL ALLEN LINDELL,

                Plaintiff,                     OPINION AND ORDER

    v.

                                       12-cv-646-wmc

EDWARD F. WALL, *et al.*,

                Defendants.[1]

State inmate Nathaniel A. Lindell has filed a proposed civil action pursuant to 42 U.S.C. § 1983, alleging constitutional violations in connection with the conditions of his confinement in the Wisconsin Department of Corrections. Lindell has been granted leave to proceed *in forma pauperis* and he has made an initial partial payment of the filing fee as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b). Having filed a supplemental memorandum of law in support of his complaint, Lindell seeks leave to proceed with his claims.

Before a prisoner may proceed with a civil action, the court is required by the PLRA to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. Because Lindell's proposed amended complaint does not comply with federal pleading requirements, the court will deny plaintiff leave to proceed at this time, but will afford

---

[1] The original complaint lists Gary Hamblin as the lead defendant. Because Edward F. Wall has succeeded Hamblin as Secretary of the Wisconsin Department of Corrections, Wall is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

him an opportunity to amend for reasons set forth below.

## SUMMARY OF PLAINTIFF'S PROPOSED CLAIMS

### A. The Parties

Plaintiff Nathaniel A. Lindell is presently confined by the Wisconsin Department of Corrections ("WDOC") at the Waupun Correctional Institution ("WCI"). From July 9, 2002, through January 4, 2013, he was confined at the Wisconsin Secure Program Facility ("WSPF") in Boscobel.

The defendants include several administrators employed by WDOC in Madison: Secretary Edward F. Wall; Corrections Complaint Examiner ("CCE") Charles Facktor; and former CCE Ismael Ozsanne. The defendants also include the following officers and officials at WSPF: Warden Timothy F. Haines; former Warden Peter Huibregtse; Welcome Rose; Tom Gozinske; former Security Director Gary Boughton; Inmate Complaint Examiner ("ICE") Ellen K. Ray; ICE Kelly Trumm; Sergeant Thomas Hanke and Librarian Linda Oatman.

### B. Complaint

In addressing any *pro se* litigant's pleadings, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the pleadings under this lenient standard, it appears that Lindell is attempting to bring several, unrelated claims against multiple defendants in a single action. His proposed claims are summarized in chronological order below.

### 1. Claims Against Huibregtse and Ozanne

Lindell notes that there is a policy at WSPF that prevents prisoners from having more than 25 publications in their cells. When the number of his personal publications exceeded that limit, Lindell sought to donate excess copies of *United States News & World Report*, *Gentlemen's Quarterly*, and *American Photo* to the prison library on February 24, 2010. Oatman allegedly rejected the donation under a policy established by Warden Huibregtse in 2002, which prohibited inmates from donating personal publications to the prison library. Lindell notes that prison policy allows inmates to "lend publications to others." Nevertheless, Huibregtse upheld Oatman's decision and declined to make an exception for Lindell. Lindell filed a grievance, which was denied, and his appeal was dismissed by CCE Ozanne. Lindell maintains that the policy restricting inmate donations is arbitrary and that, by refusing to accept his donations, the defendants violated his constitutional rights under the First Amendment.

### 2. Claims Against Defendants Hanke, Huibregtse, Haines, Trumm, Gozinski and Cole

On January 26, 2011, Sergeant Hanke issued an "NOND" or "notice of non-delivery" regarding a publication that Lindell had ordered entitled *Crazyhorse*, deeming it to be a "book" rather than a "magazine." Lindell alleges that Hanke intentionally mislabeled the magazine as a book to justify excluding it under a policy at WSPF that restricts access to hardcover books without a receipt of purchase. Warden Huibregtse upheld Hanke's decision. Lindell filed an appeal from that decision and presented a flier describing *Crazyhorse* as a prestigious literary magazine. Trumm recommended denying

Lindell's grievance, as did CCE Gozinske. Charles Cole formally affirmed the decision and dismissed Lindell's appeal. While the appeal was pending, another officer destroyed the publication. Lindell contends that these defendants arbitrarily failed to follow prison policies and violated his constitutional rights under the First Amendment by refusing to deliver and then destroying his magazine.

### 3. Claims Against Oatman, Haines, Rose and Schuh

On February 27, 2011, Lindell submitted a "Library Material Request Form," asking to borrow a copy of the most recent *Annual Fiscal Report* for WDOC. Oatman replied that she would print out a copy but that he would have to pay for copies ($38.55 for the 257 page manuscript or 15 cents per page). Noting that he is "thousands of dollars in debt and unable to purchase anything," Lindell asked only for the pages listing the operating budget for WSPF, including the cost of paying officers and staff. Oatman declined. Lindell filed a formal request to receive a copy of the budget in electronic format, but his request was ignored. Ray recommended that Lindell's grievance be denied and Warden Haines followed this advice. Rose recommended that Haines' decision be affirmed on appeal, and Schuh adopted that recommendation. Lindell believes that Oatman refused his request in retaliation for his litigation and journalistic activities. He contends further that denying his request for budgetary information was censorship and violated his constitutional rights under the First Amendment.

### 4. Claims Concerning WSPF's Blanket Ban on Hardcover Books

Inmates subject to administrative segregation at WSPF, including Lindell, are prohibited by prison policy from having hardcover books in their cells. In March 2011, an officer denied Lindell's request to have a hardcover version of the *American Heritage Dictionary* consistent with this policy. Lindell alleges that other prisons have no similar policy. Lindell further alleges that some books, such as *Kevin Trudeau's Free Money "They" Don't Want You to Know About*, Jesse Ventura's and D. Russell's *63 Documents the Government Doesn't Want You to Read*, and Michael Onfray's *Atheist Manifesto*, are only available in hardcover format. Arguing that the blanket ban on hardcover books imposes a burden on his ability to write effectively, Lindell appears to contend that the blanket ban on hardcover publications is unconstitutional under the First Amendment and the Fourteenth Amendment Equal Protection Clause.

### 5. Claims Against Oatman, Trumm, Haines, Rose and Cole

In March of 2011, Oatman issued a conduct report to WSPF inmate Max Stevens for allegedly ripping a picture from an issue of *National Geographic* magazine. Oatman then contacted the person who had donated the subscription to the prison library and convinced the donor to transfer the subscription to a local hospital instead. Lindell contends that Oatman's actions denied him access "to the only intelligent magazine available to him [at WSPF]." Haines upheld Oatman's actions and Trumm recommended Lindell's grievance against Oatman be denied. As CCE, Rose agreed and recommended that Lindell's appeal be denied. Cole adopted that recommendation,

dismissing Lindell's grievance appeal. By cancelling the subscription to *National Geographic*, Lindell contends that these defendants violated his rights under the First Amendment.

### 6. Claims Against Hanke, Haines and Trumm

On October 11, 2011, Hanke refused delivery of another literary publication, *Poet Lore*, on the grounds that it constituted a "book" rather than a "magazine." Haines upheld that decision and Trumm recommended denial of Lindell's subsequent grievance. Lindell does not indicate whether he pursued an appeal, but argues that these defendants arbitrarily and capriciously failed to follow prison policies and violated his constitutional rights under the First Amendment by refusing to deliver this magazine.

### 7. Claims Against Oatman, Ray, Haines, Facktor and Cole

Lindell also notes that there is a prison policy allowing inmates to "receive books from libraries outside the institution." Nevertheless, on March 4, 2012, Oatman allegedly denied Lindell's request to receive unspecified publications from libraries outside the prison under this "inter-library loan" policy. Lindell contends that he requires books from outside of the prison so that he can study, write and publish his ideas on his blog, which is called *Prometheous Writes!* at http://betweenthebars.org/blogs/5401/. Ray recommended that Lindell's grievance be denied, and Haines adopted that recommendation. Facktor recommended that Lindell's appeal be dismissed and Cole agreed. Lindell maintains that these defendants arbitrarily

6

failed to follow prison policies and violated his constitutional rights under the First Amendment.

### 8. Claims Against Trumm, Haines, Facktor and Cole

Lindell notes that, as a matter of policy, WSPF inmates housed in disciplinary segregation are allowed to possess only their own personal periodicals, excluding newspapers and magazines with staples in them. While serving a 360 day term in "program segregation" and "disciplinary separation" in March of 2012, Lindell claims that he was denied access to newspapers and magazines in the WSPF library. Trumm denied Lindell's grievance and Warden Haines followed suit. Facktor recommended that Lindell's appeal be dismissed and Cole agreed. Lindell maintains that denying newspapers to inmates in segregated confinement contravened a prison policy found at Wis. Admin. Code DOC § 309.05(1) (encouraging communication between imnmates and their families to foster "reintegration into the community and the maintenance of family ties"), as well as *West v. Frank*, 492 F. Supp. 2d 1040, 1045 (W.D. Wis. 2007) (observing that, "[e]ven when security interests support limitations on a prisoner's reading materials, courts scrutinize those limitations carefully, particularly in this circuit."). By refusing to allow him access to newspapers while in segregated confinement at WSPF, Lindell maintains that these defendants arbitrarily failed to follow prison policies and violated his constitutional rights under the First Amendment.

OPINION

As the summary above reflects, Lindell is attempting to join numerous, unrelated claims against multiple defendants into one lawsuit. The Seventh Circuit has emphasized that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). To that end, prisoners may not circumvent the fee-payment or three-strikes provisions of the Prison Litigation Reform Act by improperly joining claims in violation of the federal rules. *See id.*; *see also Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010) (demonstrating how improper joinder of claims by prisoners flouts the three-strikes rule found in 28 U.S.C. § 1915(g)). Specifically, Fed. R. Civ. P. 18(a) provides that "[a] party asserting a claim, counter-claim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Likewise, Fed. R. Civ. P. 20 authorizes joinder of multiple defendants into one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The joinder rules apply equally to cases filed by prisoners and non-prisoners alike. *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). For example, "a suit complaining that A

8

defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions" would be rejected if filed by a free person and should also be rejected if filed by a prisoner. *George*, 507 F.3d at 607.

The complaint in this case violates Rules 18 and 20 by joining unrelated claims against multiple defendants at two different prisons over a period of seven years. Therefore, the proposed complaint must be rejected based on improper joinder. *George*, 507 F.3d at 607. Accordingly, the court will strike the complaint in this case for failure to comply with federal pleading rules.

The court will nevertheless afford Lindell an opportunity to resubmit a proper, narrowly-tailored complaint in this case. He is directed choose carefully from among the claims listed above and submit one, final amended complaint that sets forth a single claim or claims permissibly joined in compliance with Federal Rules of Civil Procedure 18 and 20. Any unrelated claim not pursued in this case must be brought in a separate action. That final, amended complaint must be filed within thirty days from the date of this order or this case will be dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff Nathaniel A. Lindell's request for leave to proceed with his complaint (dkt. #1) is DENIED and the clerk's office is directed to STRIKE that complaint from the record.

2. Lindell may have one opportunity to submit a proper complaint in this case. He is directed to choose carefully from among the claims listed above and submit one, final amended complaint that sets forth a single claim or claims permissibly joined in compliance with Rules 18 and 20 of the Federal Rules of Civil Procedure. Any unrelated claim not pursued in this case must be brought in a separate action. The final, amended complaint must be filed within thirty days from the date of this order.

3. If Lindell does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint filed by Lindell will be screened in accordance with 28 U.S.C. § 1915A. If the complaint filed by Lindell fails to comply with this order, the court will dismiss the complaint and this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

Entered this 6th day of November, 2013.

> BY THE COURT:
>
> /s/
>
> _____
>
> WILLIAM M. CONLEY
> District Judge