IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATHANIEL ALLEN LINDELL,

                Plaintiff,[1]             OPINION AND ORDER

  v.

                                    12-cv-646-wmc

EDWARD F. WALL, *et al.*,

                Defendants.

      State inmate Nathaniel A. Lindell filed a proposed civil action pursuant to 42 U.S.C. § 1983, lodging an assortment of claims against multiple defendants in connection with the conditions of his confinement at the Wisconsin Secure Program Facility ("WSPF"). In reviewing the original complaint, the court observed that Lindell was attempting to join unrelated claims against multiple defendants. On November 6, 2013, the court issued an order striking that complaint and instructed Lindell to submit an amended complaint setting forth a single claim or claims permissibly joined in compliance with Fed. R. Civ. P. 18(a) and 20(a). Lindell has not complied as directed. Instead, Lindell filed a motion for reconsideration, requesting leave to proceed with all of his claims. Alternatively, Lindell requests an extension of time to submit an amended complaint in compliance with the court's November 6th order.

      Lindell's request for reconsideration is construed as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). To prevail on a motion under Rule 59(e), the moving party must identify an error of law that merits reconsideration of the judgment. *See Obriecht v.*

---

[1] Plaintiff filed this case originally under his full legal name, "Nathaniel Allen Lindell." (Dkt. # 1). Plaintiff now indicates that he prefers to be known as "Nate A. Lindell." (Dkt. # 8). For purposes of consistency and judicial administration, the style of this case will remain as originally filed.

*Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Lindell does not make this showing.

As outlined in the order of November 6, 2013, Lindell's proposed claims concerned different prison policies, including the restriction on donating personal copies of publications to the library or loaning those publications to other inmates; the blanket ban in place at WSPF that precludes prisoners from having hardcover books in their cells; and the general limitation on access to periodicals while inmates are assigned to disciplinary segregation. Lindell took issue with two separate decisions denying him access to certain literary publications (*Crazyhorse* and *Poet Lore*). In addition, Lindell included specific claims concerning the librarian's refusal to provide him with a free copy of a WDOC annual fiscal report; her cancellation of *National Geographic* magazine; and her refusal to borrow unspecified materials on Lindell's behalf pursuant to the prison "interlibrary loan" policy. Lindell also does not demonstrate that these claims were properly joined, nor show that the November 6th order on these claims was entered in error. Accordingly, he is not entitled to relief pursuant to Fed. R. Civ. P. 59(e).

Lindell has requested leave to file a complaint joining his claims that he was wrongfully denied access to the literary magazines *Crazyhorse* and *Poet Lore* as the result of an arbitrary interpretation of the prison policy restricting hardcover books. He also requests a 10-day extension of time to submit a proposed amended complaint containing these claims. Because he has not submitted a proposed amended complaint, the court cannot grant his request for leave to amend. In that respect, a litigant's failure to submit a proposed amended complaint dooms his request for leave to amend. *See Hecker v. Deere & Co.*, 556 F.3d 575, 590-91 (7th Cir. 2009); *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d

396, 401 (7th Cir. 2006); *Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1197 (7th Cir. 1985). The court will, however, grant Lindell an extension of time to submit an amended complaint concerning his claim that he was wrongfully denied access to the literary journals *Crazyhorse* and *Poet Lore* <u>provided</u> his submission complies with the court's November 6, 2013 order.

ORDER

IT IS ORDERED that:

1. Plaintiff Nathaniel A. Lindell's motion for reconsideration (dkt. # 8) is DENIED.

2. Lindell's motion to file an amended complaint regarding his claims that he was wrongfully denied access to the literary journals *Crazyhorse* and *Poet Lore* (dkt. # 8) is DENIED without prejudice at this time, but his request for an extension of time to submit an amended complaint regarding these claims is GRANTED.

3. Lindell is directed to file his amended complaint in this case no later than **ten (10) days** from the date of this order. That amended complaint will be screened in accordance with 28 U.S.C. § 1915A. If that amended complaint fails to comply with this order or the order entered on November 6, 2013, the court will dismiss the complaint and this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

Entered this 11th day of December, 2013.

BY THE COURT:
   /s/
_____
WILLIAM M. CONLEY
District Judge